**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re RICHARD TAGLIAMONTE : | Civil No. 07-255 (DMC) |
| : | **O P I N I O N** |

**APPEARANCES:**

>   RICHARD TAGLIAMONTE, pro se
>   No. 29194-054
>   Federal Detention Center
>   Philadelphia, PA 19105-0562

**Dennis M. Cavanaugh, District Judge**

Petitioner RICHARD TAGLIAMONTE (hereinafter "Petitioner"),[1] currently confined at the Federal Detention Center in Philadelphia, Pennsylvania, seeks to file in forma pauperis his 28 U.S.C. § 1361 Petition (hereinafter "Petition") seeking a writ of mandamus directing Petitioner's release from his pre-trial confinement, revocation of Petitioner's recent criminal indictment, halting of Petitioner's currently undergoing federal criminal proceedings, cancellation of Petitioner's pending criminal trial and ex ante invalidation of Petitioner's potential conviction. See Pet. at 33.

---

[1] Although it appears from Petitioner's Petition that Petitioner prefers being referred to as a "pitiful mere mortal" on the grounds that "[o]ne shall dispense with the euphemisms [like] inmate and incarceration, in favor of [such terms as] prison, prisoner, jail, misery, pain and suffering, as relating to Psalms," this Court prefers to utilize the term "Petitioner."

The Court grants the application to proceed in forma pauperis and, for the reasons set forth below, summarily dismisses the Petition.

## DISCUSSION

Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is an extraordinary remedy to be utilized only in the clearest and most compelling cases. See Heckler v. Ringer, 466 U.S. 602, 616 (1984). The exercise of the power of mandamus is a matter committed to the sound discretion of the court, Whitehouse v. Illinois Cent. R. Co., 349 U.S. 366 (1955), and the remedy is to be restricted to exigent circumstances.

In addition, certain conditions must be met before mandamus relief is granted. "Among these are that the party seeking issuance of the writ have no other adequate means to attain the relief he desires, and that he satisfy 'the burden of showing that (his) right to issuance of the writ is clear and indisputable.'" Kerr v. United States District Court, 426 U.S. 394, 403 (1976) (citations omitted). Thus, mandamus is available to Petitioner only if he shows that (1) he has a clear right to the relief sought, (2) Respondent has a clear duty to perform, and (3) no

other adequate remedy is available. See <u>Brow v. United States Dist. Court</u>, 121 Fed. Appx. 443, 444 (3d Cir. 2005). Indeed, the critical consideration in determining the propriety of resort to a writ of mandamus is the question of alternative remedies; the writ is usually denied when such alternatives exist.[2] See <u>Ex Parte Republic of Peru</u>, 318 U.S. 578 (1943). Moreover, the alternative remedies that might call for refusal to resort to writ of mandamus encompass judicial remedies, <u>Carter v. Seamans</u>, 411 F.2d 767 (5th Cir. 1969), <u>cert. denied</u>, 397 U.S. 941 (1970), as well as

---

[2]

One court summarized the basic principles governing the availability of the writ of mandamus as follows:

> (1) The writ should be used only when the duty of the officer to act is clearly established and plainly defined and the obligation to act is peremptory. (2) The presumption of validity attends official action, and the burden of proof to the contrary is upon one who challenges the action. (3) Courts have no general supervisory powers over the executive branches or over their officers, which may be invoked by writ of mandamus. Interference of the courts with the performance of the ordinary duties of the executive departments of the government would be productive of nothing but mischief. (4) When the performance of official duty requires an interpretation of the law which governs that performance, the interpretation placed by the officer upon the law will not be interfered with, certainly, unless it is clearly wrong and the official action arbitrary and capricious. (5) For it is only in clear cases of illegality of action that courts will intervene to displace the judgments of administrative officers or bodies. (6) Generally speaking, when an administrative remedy is available it must first be exhausted before judicial relief can be obtained, by writ of mandamus or otherwise.

<u>Hammond v. Hull</u>, 131 F.2d 23, 25 (App. D.C. 1942), <u>cert. denied</u>, 318 U.S. 777 (1943) (citations omitted).

administrative ones. See Tarlton v. Clark, 441 F.2d 384 (5th Cir.), cert. denied, 403 U.S. 934 (1971).

In the case at bar, and as detailed below, Petitioner has no right to relief sought. Respondents are not names (and this Court cannot fancy any respondent that might have a duty to perform), and numerous alternative remedies are available to Petitioner to challenge his criminal conviction, if such conviction is rendered. Therefore, Petitioner's application is not qualified for mandamus relief and is subject to collection of the applicable filing fee. See Madden v. Myers, 102 F.3d 74, 78 (3d Cir. 1996) (stating that filing fee requirements of the PLRA apply to prisoners' applications which are not "true," i.e., not bona fide mandamus).

The exclusive federal remedy for an inmate challenging the fact of his confinement is a petition for a writ of habeas corpus. See Preiser v. Rodriquez, 411 U.S. 475 (1973). When a petitioner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500; see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Brown v. Fauver, 819 F.2d 395 (3d Cir. 1987).

Moreover, to the extent that Petitioner seeks injunctive relief other than release, his claims have not accrued because a favorable judgment would necessarily imply the invalidity of his

4

currently undergoing criminal proceedings. <u>Cf.</u> <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Where success in a petitioner's civil action would implicitly question the validity of confinement, the petitioner must first achieve a favorable habeas ruling in order to obtain a civil relief with respect to the underlying decision to confine him. <u>Cf.</u> <u>Muhammad v. Close</u>, 540 U.S. 749, 751 (2004).

Petitioner's allegations in the instant Petition unambiguously indicate that his criminal proceedings are still pending and, therefore, Petitioner's conviction could not have been overturned or invalidated, or called into question by the issuance of a writ of habeas corpus. Thus, at this time, Petitioner's constitutional challenges to the validity of his pre-trial confinement and/or the outcome of his pending criminal proceedings are unripe and should be dismissed without prejudice.

**CONCLUSION**

Since Petitioner failed to show either that he has a clear right to the relief sought, or that there is a respondent having a clear duty to perform, or that no other adequate remedy is available to Petitioner, Petitioner's application for a writ of mandamus is denied.

DENNIS M. CAVANAUGH
United States District Judge

Date: Feb 1, 2007